Kyle McLean (SBN 6344126)
Lisa R. Considine (*pro hac vice*)
David J. DiSabato (*pro hac vice*)
Leslie Pescia (*pro hac vice*)
745 Fifth Ave, Suite 500
New York, NY 10151
Telephone: 212-532-1091
Facsimile: 646-417-5967
Email : kmclean@sirillp.com
Email: lconsidine@sirillp.com
Email: lpescia@sirillp.com
*Attorneys for Plaintiff and the Proposed Class*

Stephanie Sheridan (CA 135910)
Meegan B. Brooks (CA 298570)
Nicolette Shamsian (CA 341466)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone:  628.600.2250
Facsimile: 628.221.5828
ssheridan@beneschlaw.com
mbrooks@beneschlaw.com
nshamsian@beneschlaw.com
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NIKKI COOK individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>L.L. BEAN INC.,<br><br>Defendant | **Civil Action No.:**<br>**5:24-cv-02332-KK-SP**<br><br>**COMPLAINT – CLASS ACTION**<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

1

JOINT CASE MANAGEMENT STATEMENT

# JOINT CASE MANAGEMENT STATEMENT

Plaintiff Nikki Cook ("Plaintiff") and Defendant L.L. Bean Inc. ("L.L. Bean" or "Defendant") jointly submit this Joint Case Management Statement pursuant to Federal Rule of Civil Procedure 26(f), Local Rule of Civil Procedure 26-1, and this Court's February 6, 2025 Reassignment Order [Dkt. No. 24]. The Parties conferred via electronic mail and agreed to this report on February 13, 2025. Lisa Considine and Leslie Pescia participated for Plaintiff. Meegan Brooks participated for Defendant.

    **a.**    **Date Case Was Filed:** November 1, 2024

    **b.**    **Parties:**

    Plaintiff Nikki Cook, on behalf of herself and the putative class

    Defendant L.L. Bean, Inc.

    **c.**    **Brief Summary of Claims:**

**Plaintiff's Position:**

Plaintiff brings this putative class action on behalf of herself and nationwide class, as well as a California subclass, for violations of California's Consumer Legal Remedies Act, Cal. Civ. Code 1750 *et seq.*, California's False Advertising Law, Cal. Bus. & Prof. Code 17500 and -01 *et seq.*, California's Unfair Competition Law, Cal. Bus. & Prof. Code 17200 *et seq.*, and common law claims arising from Defendant's alleged deceptive pricing scheme. Plaintiff alleges that Defendant represents to consumers that its reference price is the "regular" price of the item, but that those reference prices are false because Defendant rarely offers the products for the reference price. Defendant has not yet filed a response to Plaintiff's Complaint.

Plaintiff alleges that she purchased a children's hat from Defendant's

website. The website presented an "Item Price" of $24.95 which was the reference price, above the lower "Sale Price" of $9.99. Plaintiff chose to purchase this product because she believed she was receiving a significant discount on the product chosen. Unbeknownst to Plaintiff, Defendant did not offer this product at the advertised Item Price at any time in the 90 days prior to purchase. Plaintiff has alleged that the inflated reference price was misleading, and that she would not have purchased the product absent that representation.

### Defendant's Position:

Plaintiff's claims are meritless. The L.L.Bean brand was built upon developing customer loyalty and trust, and selling high-quality goods at reasonable prices. L.L.Bean is not a retailer that tricks customers into thinking they are getting a discount in order to increase sales. Indeed, unlike most retailers, which frequently offer flashy sales events, L.L.Bean only has a few short sitewide sales a year. In 2024, for example, L.L.Bean only offered four temporary sales events in all of 2024, each of which offered between 10 and 15 percent off and lasted between five and seven days. L.L.Bean clearly advertised the end date of all four sale events.

Plaintiff bought the relevant hat in a particular color that was on clearance, at a very favorable price (just $9.99). Both at the time of Plaintiff's purchase, and even still today,[1] other colors of the same hat were being sold for $24.99. The majority of people to buy the hat have paid that higher price—i.e., 2.5 times the amount Plaintiff paid. Plaintiff complains that these statistics vary depending on the specific color of the same hat, but this is a distinction without a difference; a red hat is not inherently worth less than a

---

[1] *See* https://www.llbean.com/llb/shop/115908?page=kids-trucker-hat.

3
**JOINT CASE MANAGEMENT STATEMENT**

blue or a green version of the same hat. Plaintiff will not be able to prove either (a) that the higher reference price on the hat was deceptive, or (b) that she is entitled to recover any restitution or damages.

Plaintiff also cannot maintain this case on a class basis: consumer behavior regarding price promotions is complex, heterogenous, and informed by each shoppers' experience with individual retailers and the market for the items they seek. *People v. Macy's, Inc.*, 2021 WL 3469996 (Cal. Sup. Ct., July 13, 2021) (trial verdict in favor of retailer based on holding that former prices are not material to reasonable consumers).

### d. Brief Description of Relief Sought and Damages Claimed

**Plaintiff's Position**: Plaintiff seeks relief on behalf of herself and a nationwide class with regard to her common law claims, as well as a California subclass with regard to the statutory claims. Plaintiff alleges that she would not have purchased the products if she had known the truth about Defendant's pricing, and/or that she overpaid for the product because it was sold at a price premium due to the misrepresentation. Plaintiff seeks actual damages punitive damages, attorneys' fees and costs. Plaintiff also seeks a permanent injunction to prevent Defendant from engaging in the alleged pricing practices under California's UCL, as well as restitution for the California Subclass. Plaintiff anticipates expert testimony to support Plaintiff's damages model.

**Defendant's Position**: Plaintiff cannot obtain restitution or damages given that she cannot prove that the hat she bought for $9.99—and that other customers have bought for $24.99—is worth the low amount she paid. Indeed, although more than 300 of these "deceptive pricing lawsuits" have been filed over the last decade, not a single court has certified a class under

FRCP 23(b)(3) since the Ninth Circuit held in *Chowning v. Kohl's Dep't Stores, Inc.*, 733 F. App'x 404, 405 (9th Cir. 2018) that a plaintiff cannot recover for deceptive pricing unless she paid more than the value of the products received.

e. **Status of Discovery**

The parties have not begun discovery in this matter, as this matter is still in the very early stages of litigation. Defendant has not yet filed its response to Plaintiff's Complaint. The Court extended Defendant's deadline to respond to the complaint until February 28, 2025. Defendant plans to file a motion to dismiss and maintains that discovery should be stayed until its motion to dismiss is decided.

f. **Procedural History of the Case**

Plaintiff filed her Complaint on November 1, 2024. Plaintiff served the Defendant with the Complaint and Summons on November 8, 2024, making Defendant's response to the Complaint due on November 29, 2024.

The Parties stipulated pursuant to L.R. 8-3 to a 30-day extension of time for Defendant to respond to the Complaint, until December 30, 2024. Thereafter, pursuant to Local Rule 7-1, the parties agreed to a second extension of time for Defendant to respond to Plaintiff's Complaint to allow for ongoing meet-and-confer discussions regarding this matter, extending Defendant's time to respond to the Complaint to January 29, 2025. The Parties continued those discussions, and on January 28, 2025, the Parties submitted a Third Stipulation to Extend Time for Defendant to Respond to Plaintiff's Complaint to February 28, 2025, and for Plaintiff to respond to Defendant's anticipated motion until March 31, 2025.

Since the beginning of this case, the Parties have actively been sharing

5
**JOINT CASE MANAGEMENT STATEMENT**

information concerning their respective arguments and defenses, including sales data concerning the hat in question. L.L.Bean provided Plaintiff's counsel with a detailed declaration in early February, and Plaintiff recently asked L.L.Bean for further information in response. The Parties hope to continue their ongoing negotiations and plan to file a stipulation for a further extension shortly.

There have not been any ADR proceedings or settlement conferences in this matter.

There are not appellate proceedings pending or concluded regarding this matter.

### g. Other Deadlines In Place Before Reassignment

Defendant L.L.Bean's response to Plaintiff's Complaint was originally due January 29, 2025 but, the Court granted a Stipulation extending that deadline to February 28, 2025.

### h. Whether the Parties will consent to a Magistrate Judge for trial

The Parties do not consent to a magistrate judge for trial.

### i. Discussions regarding Magistrate Judge Consent Program

The Parties have discussed the Magistrate Judge Consent Program with their respective clients and counsel have met and conferred to discuss the consent program and selection of a Magistrate Judge.

### j. Scheduling Conference

While a Rule 16(b) Scheduling Conference was not previously scheduled in this matter, the parties do not anticipate the need for a scheduling conference at this time. The Parties respectfully submit that a Joint Rule 26(f) Report should be filed with the Court within fourteen (14) days.

Dated: February 20, 2025　　　Respectfully submitted,

By: */s/ Leslie L. Pescia*
Kyle McLean (SBN 6344126))
Lisa R. Considine (*pro hac vice*)
David J. DiSabato (*pro hac vice*)
Leslie L. Pescia (*pro hac vice*)
745 Fifth Ave, Suite 500
New York, NY 10151
Telephone: 212-532-1091
Facsimile: 646-417-5967
Email : kmclean@sirillp.com
Email: lconsidine@sirillp.com
Email: ddisabato@sirillp.com
Email: lpescia@sirillp.com

*Attorneys for Plaintiff and the Proposed Class*

Respectfully submitted,

*/s/ Meegan B. Brooks*
STEPHANIE SHERIDAN (CA 135910)
MEEGAN B. BROOKS (CA 298570)
NICOLETTE SHAMSIAN (CA 341466)
Benesch, Friedlander, Coplan & Aronoff LLP

*Attorneys for Defendant*

**JOINT CASE MANAGEMENT STATEMENT**