Stephanie Sheridan (CA 135910)
Meegan B. Brooks (CA 298570)
Nicolette Shamsian (CA 341466)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone:628.600.2250
Facsimile: 628.221.5828
ssheridan@beneschlaw.com
mbrooks@beneschlaw.com
nshamsian@beneschlaw.com

Attorneys for Defendant
L.L.BEAN INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKKI COOK individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>L.L.BEAN INC.,<br><br>Defendants. | Case No. 5:24-cv-02332-CV-SP<br><br>**DEFENDANT L.L.BEAN INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge:      Hon. Cynthia Valenzuela<br><br>Complaint Filed: November 1, 2024<br>Trial Date: Not set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on May 2, 2025, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Cynthia Valenzuela of the United States District Court for the Central District of California, in-person, in the United States Courthouse, 350 W. 1st Street, Courtroom 5D, 5th Floor, Los Angeles, CA 90012, Defendant L.L. Bean, Inc. ("Defendant") will and hereby does move this Court for an order dismissing Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and 12(b)(2) for lack of personal jurisdiction.

Plaintiff's claims fail to satisfy Rules 8 and 9(b) because Plaintiff: (1) does not identify with specificity the representations that she claims deceived her, and (2) does not allege sufficient facts to support her claim that Defendant's reference prices were false or deceptive.  Plaintiff's common-law claims fail on several additional factual and legal grounds, including that they do not identify which state's laws they invoke, did not provide pre-suit notice of any alleged breach of contract, and the economic loss rule bars her misrepresentation claims.  Plaintiff also cannot seek equitable relief—i.e., restitution or injunctive relief—because she does not explain why damages are an inadequate remedy.

In the alternative, the Court should also strike Plaintiffs' nationwide claims, because pursuant to Rule 12(b)(2), the Court lacks personal jurisdiction over claims from out-of-state shoppers, because L.L.Bean is not "at home" in California.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice and exhibits thereto, any other matters of which the Court may take judicial notice, other documents on file in this action, and any oral argument of counsel.

//
//
//
//
//

1    Pursuant to L.R. 7-2 and this Court's Standing Order, this Motion is made following

2    multiple conferences of counsel, including most recently on February 19, 2025.

3

4    Dated:  February 28, 2025              Respectfully submitted,

5
                                           */s/ Meegan B. Brooks*
6                                          STEPHANIE SHERIDAN (CA 135910)

7                                          MEEGAN B. BROOKS (CA 298570)
                                           NICOLETTE SHAMSIAN (CA 341466)
8                                          Benesch, Friedlander, Coplan & Aronoff LLP

9
                                           Attorneys for Defendant
10                                         L.L.BEAN INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT L.L.BEAN INC.'S MOTION TO DISMISS**
**Case No. 4:25-cv-00771-KAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................... 1

I.    FACTUAL BACKGROUND ................................................................. 2

    A.    What Is in the Complaint ........................................................... 2

    B.    What Is Not in the Complaint .................................................... 2

II.   APPLICABLE LEGAL STANDARDS ................................................. 6

III.  ARGUMENT .......................................................................................... 7

    A.    Plaintiffs Fail to Plead Any Deceptive Conduct by L.L.Bean ........................ 7

        1.    Plaintiff Does Not Allege the Circumstances of her Alleged Deception with Requisite Particularity ................................. 7

        2.    Plaintiff Does Not Plead Facts Suggesting that L.L.Bean Never Offered the Kid's Trucker Hat at Full Price ............................. 9

    B.    Plaintiff Has Failed to State a Claim Under Any Common-Law Theory ........................................................................................ 12

        1.    Plaintiff's Intentional- and Negligent-Misrepresentation Claims Are Barred Under the Economic-Loss Rule ........................... 13

        2.    Plaintiff Has Not Stated a Claim for Unjust Enrichment ................ 13

        3.    The Court Should Also Dismiss Plaintiff's Contract Claim .............. 14

            a.    Plaintiff Failed to Provide the Notice that California Law Requires ..................................................................... 15

            b.    Plaintiff's Breach-of-Contract Claim Misconstrues the Alleged Contract ...................................................... 16

    C.    Plaintiff's Claims for Equitable Relief Are Barred as a Matter of Law Because Plaintiff Has Not Adequately Pled that She Lacks an Adequate Remedy at Law ......................................................... 17

    D.    The Court Lacks Personal Jurisdiction Over Claims by Putative Class Member Who Bought Goods Outside of California ....................... 19

IV.   CONCLUSION .................................................................................... 22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alvarez v. Chevron Corp.*,
656 F.3d 925 (9th Cir. 2011) ................................................................. 15, 16

*In re Ambry Genetics Data Breach Litig.*,
567 F. Supp. 3d 1130 (C.D. Cal. 2021) ........................................................ 16

*Anderson v. Apple Inc.*,
500 F. Supp. 3d 993 (N.D. Cal. 2020) ......................................................... 19

*In re Anthem, Inc. Data Breach Litig.*,
162 F. Supp. 3d 953 (N.D. Cal. 2016) ........................................................ 16

*In re Apple Processor Litig.*,
No. 22-16164, 2023 WL 5950622 (9th Cir. 2023) ....................................... 18

*Arroyo v. AJU Hotel Silicon Valley LLC*,
No. 20-CV-08218-JSW, 2021 WL 2350813 (N.D. Cal. Mar. 16, 2021) ..................... 5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................. 6

*Augustine v. Talking Rain Bev. Co.*,
386 F. Supp. 3d 1317 (S.D. Cal. 2019) ....................................................... 12

*Azimpour v. Sears, Roebuck & Co.*,
No. 15-CV-2798 JLS (WVG), 2016 WL 7626188 (S.D. Cal. Oct. 17,
2016) ................................................................................................ 8, 9

*Barrett v. Apple Inc.*,
523 F. Supp. 3d 1132 (N.D. Cal. 2021) ....................................................... 18

*Beacon Theatres, Inc. v. Westover*,
359 U.S. 500 (1959) ............................................................................... 18

*Beecher v. Google N. Am. Inc.*,
2018 WL 4904914 (N.D. Cal. Oct. 9, 2018) ................................................ 17

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................. 6

*Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty.*,
  582 U.S. 255 (2017) ............................................................................ 20, 21

*Brown v. Starbucks Corp.*,
  No. 18cv2286 JM (WVG), 2019 WL 4183936 (S.D. Cal. Sept. 3, 2019) ................. 12

*Browning v. Am. Honda Motor Co.*,
  549 F. Supp. 3d 996 (N.D. Cal. 2021) ................................................. 19

*Cafasso, U.S. ex Rel. v. General Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011) ........................................................... 7

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
  761 F.3d 732 (7th Cir. 2014) ........................................................... 10

*Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*,
  169 Cal. App. 4th 116 (2008) .......................................................... 15

*Carpenter v. PetSmart, Inc.*,
  441 F. Supp. 3d 1028 (S.D. Cal. 2020) ............................................... 21

*ChromaDex, Inc. v. Elysium Health, Inc.*,
  2020 WL 1279236 (C.D. Cal. Jan. 16, 2020) ........................................ 16

*Clark v. Am. Honda Motor Co.*,
  528 F. Supp. 3d 1108 (C.D. Cal. 2021) ............................................... 19

*Comwest, Inc. v. Am. Operator Servs., Inc.*,
  765 F. Supp. 1467 (C.D. Cal. 1991) .................................................... 7

*Curtis v. Loether*,
  415 U.S. 189 (1974) .................................................................... 18

*Dennis v. Ralph Lauren Corp.*,
  No. 16CV1056-WQH-BGS, 2016 WL 7387356 (S.D. Cal. Dec. 20,
  2016) .................................................................................... 11

*Donohue v. Apple, Inc.*,
  871 F. Supp. 2d 913 (N.D. Cal. 2012) ................................................ 15

*eBay v. MercExchange, L.L.C.*,
  547 U.S. 388 (2006) .................................................................... 18

*Ebner v. Fresh, Inc.*,
  818 F.3d 799 (9th Cir. 2016) .......................................................... 13

*Evans v. DSW, Inc.*,
    No. CV 16-3791 JGB (SPX), 2017 WL 7058232 (C.D. Cal. Sept. 14,
    2017) ............................................................................................................. 16

*Franklin v. Gwinnett Cty. Pub. Sch.*,
    503 U.S. 60 (1992) ...................................................................................... 18

*Gibson v. Jaguar Land Rover N. Am., LLC*,
    2020 WL 5492990 (C.D. Cal. Sep. 9, 2020) .............................................. 19

*Gray & Co. v. Firstenberg Mach. Co.*,
    913 F.2d 758 (9th Cir. 1990) ..................................................................... 20

*Guzman v. Polaris Indus. Inc.*,
    49 F.4th 1308 (9th Cir. 2022), *cert. denied sub nom. Polaris Indus. Inc. v.*
    *Albright*, 2023 WL 3937623 (U.S. June 12, 2023)..................................... 18

*Haley v. Macy's, Inc.*,
    263 F. Supp. 3d 819 (N.D. Cal. 2017)........................................................ 9

*Hovsepian v. Apple, Inc.*,
    2009 WL 5069144 (N.D. Cal. Dec. 17, 2009)........................................... 13

*Ice v. Hobby Lobby Stores, Inc.*,
    2015 WL 5731290 (N.D. Ohio 2015).......................................................... 17

*Jacobo v. Ross Stores, Inc.*,
    No. CV-15-04701-MWF-AGR, 2016 WL 3482041 (C.D. Cal. Feb. 23,
    2016) ............................................................................................................. 12

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ..................................................................... 8

*Kim v. Carter's Inc.*,
    598 F.3d 362 (7th Cir. 2010) ...................................................................... 17

*King v. MKS Instruments, Inc.*,
    2017 WL 11636659 (C.D. Cal. Nov. 21, 2017) ........................................ 17

*Klein v. Chevron U.S.A., Inc.*,
    202 Cal. App. 4th 1342 (2012), *as modified on denial of reh'g* (Feb. 24,
    2012) ............................................................................................................. 14

**DEFENDANT L.L.BEAN INC.'S MOTION TO DISMISS**
**Case No. 5:24-cv-02332-CV-SP**

*Kwikset Corp. v. Superior Court*,
    51 Cal. 4th 310 (2011) ............................................................................................. 9

*In re MacBook Keyboard Litig.*,
    2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) ................................................... 19

*Mahfood v. QVC, Inc.*,
    2007 WL 9363986 (C.D. Cal. Feb. 7, 2007) ...................................................... 11

*Mattel, Inc. v. Greiner & Hausser GmbH*,
    354 F.3d 857 (9th Cir. 2003) ............................................................................. 20

*Matus v. Premium Nutraceuticals, LLC*,
    715 F. App'x 662 (9th Cir. 2018) ................................................................ 20, 21

*McBride v. Boughton*,
    123 Cal. App. 4th 379 (2004) ............................................................................ 13

*Meyer v. Sprint Spectrum L.P.*,
    45 Cal. 4th 634 (2009) ......................................................................................... 9

*Moody v. Hot Topic, Inc.*,
    No. EDCV230447JGBSPX, 2023 WL 9511159 (C.D. Cal. Nov. 15,
    2023) ..................................................................................................................... 6

*Multifamily Captive Grp., LLC v. Assur. Risk Managers, Inc.*,
    629 F. Supp. 2d 1135 (E.D. Cal. 2009) ............................................................ 13

*Nacarino v. Chobani, LLC*,
    No. 20-CV-07437-EMC, 2021 WL 3487117 (N.D. Cal. Aug. 9, 2021) ........... 19

*Nelson v. Campbell Soup Co.*,
    No. 14CV2647 DMS (JLB), 2015 WL 13534353 (S.D. Cal. May 18,
    2015) ..................................................................................................................... 8

*Nunez v. Best Buy Co.*,
    315 F.R.D. 245 (D. Minn. June 7, 2016) ............................................................ 9

*Oestreicher v. Alienware Corp.*,
    544 F. Supp. 2d 964 (N.D. Cal. 2008), *aff'd*, 322 F. App'x 489 (9th Cir.
    2009) ................................................................................................................... 14

*Pini USA, Inc. v. NB Glob. Commodities, LLC*,
    2017 WL 5054655 (C.D. Cal. Oct. 31, 2017) .................................................. 16

**DEFENDANT L.L.BEAN INC.'S MOTION TO DISMISS**
**Case No. 5:24-cv-02332-CV-SP**

*Prescott v. Reckitt Benckiser LLC*,
No. 20-cv-02101-BLF, 2020 WL 7075624 (N.D. Cal. Dec. 3, 2020) ........................... 7

*Rael v. Dooney & Bourke, Inc.*,
No. 19-cv-6147 (JGK), 2016 WL 3952219 (S.D. Cal. July 22, 2016) ................. 11, 12

*Rael v. N.Y. & Co., Inc.*,
No. 16-cv-369-BAS (JMA), 2016 WL 7655247 (S.D. Cal. Dec. 28, 2016)........... 8, 11

*Ranza v. Nike, Inc.*,
793 F.3d 1059 (9th Cir. 2015) ...................................................................... 20

*Reitman v. Champion Petfoods USA, Inc.*,
No. CV181736DOCJPRX, 2018 WL 4945645 (C.D. Cal. Oct. 10, 2018)................ 21

*Ritter v. Hughes Aircraft Co.*,
58 F.3d 454 (9th Cir. 1995) ................................................................. 5

*Robey v. PVH Corp.*,
495 F. Supp. 3d 311 (S.D.N.Y. 2020) ............................................... 11

*Robinson Helicopter Co. v. Dana Corp.*,
34 Cal. 4th 979 (2004) ............................................................ 13

*Rutherford Holdings, LLC v. Plaza Del Rey*,
223 Cal. App. 4th 221 (2014) .................................................. 14

*S. Cal. Stroke Rehab. Assocs., Inc. v. Nautilus, Inc.*,
2012 WL 4364144 (S.D. Cal. Sept. 21, 2012), *aff'd*, 554 F. App'x 656
(9th Cir. 2014)........................................................................... 16

*S. Cal. Stroke Rehab. Assocs. v. Nautilus, Inc.*,
554 F. App'x 656 (9th Cir. 2014) .............................................. 15

*In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*,
No. 16-CV-06391-BLF, 2018 WL 1576457 (N.D. Cal. Mar. 30, 2018) .................... 21

*Saroya v. Univ. of the Pac.*,
503 F. Supp. 3d 986 (N.D. Cal. 2020)......................................... 14

*Schroeder v. United States*,
569 F.3d 956 (9th Cir. 2009) .................................................... 18

*Seegert v. Luxottica Retail N. Am., Inc.*,
No. 17CV1372 JM(BLM), 2018 WL 3472561 (S.D. Cal. July 19, 2018).............. 9, 12

*Shaulis v. Nordstrom Inc.*,
    120 F. Supp. 3d 40 (D. Mass. 2015) ............................................................. 17

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ...................................................................... 18

*Sperling v. DSW Inc.*,
    15-cv-1366-JGB(SPx), 2016 WL 354319 (C.D. Cal. Jan. 28, 2016), *aff'd*
    699 Fed. Appx 654 ....................................................................................... 10

*Sperling v. DSW, Inc.*,
    699 F. App'x. 654 (9th Cir. 2017) .................................................... 9, 10, 11

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ........................................................................ 6

*Stearns v. Select Comfort Retail Corp.*,
    763 F. Supp. 2d 1128 (N.D. Cal. 2010) ...................................................... 15

*Strum v. Exxon Co., U.S.A.*,
    15 F.3d 327 (4th Cir. 1994) .......................................................................... 7

*Taylor v. Nike, Inc.*,
    No. 3:16-CV-00661-MO, 2017 WL 663056 (D. Or. Feb. 17, 2017) ........... 11

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ................................................................. 6, 7

*Vizcarra v. Michaels Stores, Inc.*,
    2024 WL 64747 (N.D. Cal., Jan. 5, 2024) ................................................... 14

*Von Koeing v. Snapple Beverage Corp.*,
    713 F. Supp. 2d 1066 (E.D. Cal. 2010) ........................................................ 8

*In re VTech Data Breach Litig.*,
    Nos. 15 CV 10889, 15 CV 10891, 15 CV 11620, and 15 CV 11885, 2018
    WL 1863953 (N.D. Ill. Apr. 18, 2018) ....................................................... 12

*Whittlestone, Inc. v. Handi-Craft Co.*,
    618 F.3d 970 (9th Cir. 2010) ...................................................................... 18

*Wu v. iTalk Glob. Commc'ns, Inc.*,
    2021 WL 5176799 (C.D. Cal. Feb. 2, 2021) ............................................... 19

*Zapata Fonseca v. Goya Foods Inc.*,
    16-CV-02559-LHK, 2016 WL 4698942 (N.D. Cal. Sept. 8, 2016) ............................ 18

*Zuehlsdorf v. FCA US LLC*,
    No. EDCV 18-1877 JGB, 2019 WL 2098352 (C.D. Cal. Apr. 30, 2019) ................... 21

**Statutes**

Cal. Bus & Prof. Code §§17200, *et seq*. ....................................................... *passim*

Cal. Bus. & Prof. Code §§17500 *et seq*. ............................................. 2, 7, 9, 17

Cal. Civ. Code §§1770 *et seq* ...................................................................... *passim*

Cal. Com. Code § 2102 .......................................................................................... 15

Cal. Com. Code § 2607(3)(A) .......................................................................... 15, 16

**Other Authorities**

Fed. R. Civ. Pro. 8 ....................................................................................... 6, 7, 9, 13

Fed. R. Civ. Pro. 9(b) .................................................................................. *passim*

Fed. R. Civ. Pro. 12(b)(2) .................................................................................. 20

Fed. R. Civ. Pro. 12(b)(6) ........................................................................... 6, 18

Fed. R. Evid. 201(b)(2) ......................................................................................... 5

# I.    INTRODUCTION

While Plaintiff's Complaint mimics the hundreds of other pricing cases that have been filed against retailers over the last several years—including eight nearly identical suits filed by her counsel in recent weeks[1]—it lacks any indicia of a so-called "fake discount." This is not a case involving a retailer that ran flashy storewide sales to lure customers into a store, or used countdown clocks to make customers think they had to act quickly. Plaintiff does not claim to have seen the word "sale" (or any similar language) anywhere before buying the "Kid's Trucker Hat." The fact that Plaintiff bought the hat at a discount does not suggest that the discount was fake. And while Plaintiff claims in conclusory terms that the hat was perpetually on sale, she does not identify any facts to support this self-serving conclusion. In fact, L.L.Bean's website (which is easily verifiable and therefore subject to judicial notice) shows that many colors of the Kid's Trucker Hat are *still*—nearly a year after Plaintiff's purchase—sold for the allegedly deceptive $24.99 higher price.

Plaintiff's common-law claims fail for a host of other reasons. As an initial matter, while she purports to bring nationwide claims for fraud, negligent misrepresentation, unjust enrichment, and breach of contract, she does not identify which state's laws she hopes to invoke. Plaintiff's misrepresentation claims are also barred under the economic-loss doctrine, because Plaintiff alleges purely economic losses arising from the alleged breach of a contract. Plaintiff cannot bring an unjust-enrichment claim because California does not recognize that claim. Her breach-of-contract claim is barred because she did not provide notice of any alleged breach, and also has not identified any breached term.

---

[1] *Krantz v. Old Copper Co., Inc. et al*, No. 2:24-cv-10031-SPG-BFM (C.D. Cal. Nov. 11, 2024); *Paya v. Macy's Inc.*, No. 2:24-cv-10065-JLS-PD (C.D. Cal. Nov. 21, 2024); *Perez v. Build-A-Bear Workshop, Inc.*, No. 3:24-cv-02268-AGS-DEB (S.D. Cal. Dec. 5, 2024); *Bradley v. Luxottica of America, Inc.*, No. 3:24-cv-02401-L-AHG (S.D. Cal. Dec. 19, 2024); *Recek v. Von Maur, Inc*, No. 1:25-cv-00044-JLT-SKO (E.D. Cal. Jan. 9, 2025); *Orona v. Patagonia, Inc.*, No. 3:25-cv-00140-MMA-AHG (S.D. Cal. Jan. 22, 2025); *Colby v. Skechers U.S.A. Inc.*, No. 2:25-cv-00843-MRA-ADS (C.D. Cal. Jan. 30, 2025); *Crowe v. Trek Bicycle, Corp.*, No. 1:25-cv-00133-KES-BAM (E.D. Cal. Jan. 31, 2025).

Plaintiff also cannot seek equitable relief—i.e., restitution or injunctive relief—because she does not explain why damages are an inadequate remedy.

In the alternative, the Court should strike Plaintiff's nationwide claims, because the Court lacks personal jurisdiction over putative class members who made their purchases outside of California.

## I.    FACTUAL BACKGROUND

### A.    What Is in the Complaint

Founded in 1912, L.L.Bean is a popular American retailer that sells clothing and outdoor recreational equipment both in stores and online.  It is based in Freeport, Maine. Compl. ¶ 10.

Plaintiff is a California resident who purchased a Kids' Trucker Hat from L.L.Bean's website on June 6, 2024.  *Id*. ¶ 46–47.  The hat was allegedly on "sale" from $24.99; Plaintiff paid just $9.99.  *Id*. ¶ 49. She now claims the advertised discount "wasn't a deal" because "[d]efendant rarely, if ever, offered its products at the advertised 'regular' reference prices" and "[t]he actual value of the product purchased did not match the inflated reference price Plaintiff was led to believe was the true value of the hat."  *Id.* ¶ 50.

On behalf of consumers nationwide and a subclass of California consumers, Plaintiff pursues claims under California's Consumers Legal Remedies Act ("CLRA"), False Advertising Law ("FAL"), Unfair Competition Law ("UCL") and Bus. & Prof. Code §§17500 *et seq*., as well as claims for fraud, negligent misrepresentation, breach of contract, and unjust enrichment.   She does not specify which state's law she claims govern her common-law claims.

### B.    What Is Not in the Complaint

Even though Plaintiff claims to have tracked L.L.Bean's website for months, she has not identified a single day where L.L.Bean offered a flashy promotional discount.  Instead, Plaintiff's claims generally appear to relate to specific colors of merchandise that are moved to clearance at the end of a season.

//

Take for example the "Men's Handsewn Moccasins" shown in Paragraph 5 of the Complaint:



Plaintiff's own screenshot shows that L.L.Bean was selling two of the three color variations for the allegedly "falsely inflat[ed]reference price." Compl. ¶ 7. Plaintiff does not explain why it would be deceptive to list a higher reference price of $99.00 when the majority of the shoes *are currently* being offered at that price.



As to Plaintiff's hat, Plaintiff claims to have seen a "prominently displayed advertisement boasting significant 'savings' on children's hats," but does not provide any detail about what that unspecified "advertisement" looked like. Compl. ¶ 46. Similarly, the Complaint refers many times to terms such as "sale," "original" price, "savings," and "markdowns" in quotation marks, but does not identify a single place—anywhere—that

Plaintiff could have seen these words before making her purchase.

The only time she ever suggests that she saw the word "sale" is in her order confirmation—i.e., *after* she made her purchase.   Compl. ¶ 47 and Exhibit A.  Plaintiff references this page in Paragraph 47, where she purports to show an "image" that "represents what Plaintiff saw when she purchased the hat."  This "image" is not an image at all—just a list of text.  It is not taken from the hat's product page, as it looks nothing like the example above (again, taken from Plaintiff's Complaint).  For example, this page does not allow the customer to choose between color options, or to select a quantity, and does not contain product reviews.  Instead, this "image" is copied from the email confirmation Plaintiff received *after* purchasing her hat, as shown in Exhibit A to the Complaint:



In fact, the product page for the Kid's Trucker Hat looks similar to the moccasin example above.  Even today—eight months after Plaintiff bought it—most colors of this same hat are being sold for $24.99:

//
//
//
//
//



*See* RJN, Exhibit A.[2]

While Plaintiff conclusorily alleges that the "Kid's Trucker Hat" was (and that other items she does not claim to have ever seen or purchased were) offered on sale from March 1, 2024 through June 8, 2024, she does not allege any facts to support this conclusion. Compl. ¶ 39.  For example, she does not identify where this alleged investigation took place (Online only? Out-of-state, where her counsel is based?), or whether she reviewed

---

[2] As discussed in L.L.Bean's concurrently-filed Request for Judicial Notice, the product page for the hat is judicially noticeable because it is a publicly available webpage whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b)(2); *see also Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458 (9th Cir. 1995).  Additionally, because Plaintiff's claims arise from her purchase of the Kids' Trucker Hat and her Complaint explicitly references this webpage as "what Plaintiff saw when she purchased the hat" (Compl. ¶ 47), the Court may take judicial notice of this webpage under the incorporation by reference doctrine.  *See, e.g., Arroyo v. AJU Hotel Silicon Valley LLC*, No. 20-CV-08218-JSW, 2021 WL 2350813, at *2 (N.D. Cal. Mar. 16, 2021).

DEFENDANT L.L.BEAN INC.'S MOTION TO DISMISS
Case No. 5:24-cv-02332-CV-SP

1   the hat's pricing at any time between March 1, 2024 and June 8, 2024.  Moreover, while
2   the chart of Plaintiff's investigated items merely references the "Kid's Trucker Hat," it is
3   silent to the color purportedly investigated, or whether other colors were on full price
4   during this period.  Plaintiff also does not explain how she could have been deceived on
5   June 6, 2024, if she had been tracking the same hat for months.

6       Plaintiff also does not allege any injury caused by her purchase.  She does not claim
7   (because she cannot) that the Trucker Hat was damaged or defective, did not meet her
8   expectations, or that she could have bought the same item for less than the $9.99 she paid.
9   To this day, L.L.Bean is selling other colors of the Kid's Trucker Hat for $24.99—***2.5 times***
10  ***what Plaintiff paid***.  RJN, Exhibit A.  A "mulberry" colored hat is not inherently less
11  valuable than the same hat in blue or green.  Similarly, although Plaintiff recognizes that
12  L.L.Bean offers its products in stores, the Complaint does not allege a single fact
13  concerning L.L.Bean's in-store pricing for the Trucker Hat.

## II.  APPLICABLE LEGAL STANDARDS

15      To survive a Rule 12(b)(6) motion to dismiss, a Complaint "must contain sufficient
16  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
17  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S.
18  544, 570 (2007)).  "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of
19  entitlement to relief."  *Twombly*, 550 U.S. at 556 n.3 (internal citations and quotations
20  omitted).  Thus, "[w]ithout some factual allegation in the Complaint, it is hard to see how
21  a claimant could satisfy the requirements of providing not only 'fair notice' of the nature
22  of the claim, but also 'grounds' on which the claim rests."  *Id*.  The Court need not "accept
23  as true unwarranted deductions of fact, unreasonable inferences, or allegations that are
24  merely conclusory."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

25      Additionally, all of Plaintiff's claims are subject to Rule 9(b)'s heightened pleading
26  standard, because she alleges "a unified course of fraudulent conduct and rel[ies] entirely
27  on that course of conduct as the basis of a claim."  *Vess v. Ciba-Geigy Corp. USA*, 317
28  F.3d 1097, 1103–04 (9th Cir. 2003); *see also*, *e.g.*, *Moody v. Hot Topic, Inc.*, No.

EDCV230447JGBSPX, 2023 WL 9511159, at *9 (C.D. Cal. Nov. 15, 2023) ("Plaintiffs'
breach of contract and warranty claims are all based on allegations that Defendant made
false or misleading statements about its products' market value and purported discounts ...
These claims are based in the same allegations as Plaintiffs' FAL, UCL, CLRA, intentional
misrepresentation, and negligent misrepresentation claims, which are subject to the
heightened pleading standard of Rule 9(b)."); *Prescott v. Reckitt Benckiser LLC,* No. 20-
cv-02101-BLF, 2020 WL 7075624, at *4 (N.D. Cal. Dec. 3, 2020) ("[W]here a [contract]
claim is based on the same allegedly misleading advertising giving rise to UCL and CLRA
claims, the [contract] claim also sounds in fraud and is subject to Rule 9(b)'s heightened
pleading standards.") (citations omitted).

Rule 9(b) requires litigants to identify "the who, what, when, where, and how of the
misconduct charged," and also to explain "what is false or misleading about [the
purportedly fraudulent] statement, and why it is false." *Cafasso, U.S. ex Rel. v. General
Dynamics C4 Sys., Inc*., 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotations and
citations omitted). "It is well settled that fraud '[a]llegations based on 'information and
belief' do not satisfy the particularity requirement of Rule 9(b) unless the complaint sets
forth the facts on which the belief is founded." *Comwest, Inc. v. Am. Operator Servs., Inc.,*
765 F. Supp. 1467, 1471 (C.D. Cal. 1991) (citing *In re Worlds of Wonder Sec. Litig.,* 694
F. Supp. 1427, 1432–33 (N.D. Cal. 1988)). Simply put: plaintiffs cannot "simply cry
fraud" to satisfy Rule 9(b). *Strum v. Exxon Co., U.S.A.,* 15 F.3d 327, 331 (4th Cir. 1994).

## III.    ARGUMENT

### A.    Plaintiffs Fail to Plead Any Deceptive Conduct by L.L.Bean

#### 1.    *Plaintiff Does Not Allege the Circumstances of her Alleged Deception with Requisite Particularity*

Plaintiff cannot state a claim for false advertising without identifying the allegedly
false advertisement. This is not required under just Rule 9(b), which requires plaintiffs to
specify "what" deceived them, *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th
Cir. 2003), but also Rule 8, which requires Plaintiffs to provide notice of her claim and

explain how reasonable consumers would be deceived, *Nelson v. Campbell Soup Co.*, No. 14CV2647 DMS (JLB), 2015 WL 13534353, at *2 (S.D. Cal. May 18, 2015).

When alleged misrepresentations occur in printed form, Rule 9(b) requires plaintiffs to identify the particular representation on which they relied, so that the defendant has "the opportunity to respond to the alleged misconduct." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (affirming district court's dismissal where plaintiff identified television advertisements and sales materials for cars, but failed to "specify when he was exposed to them or which ones he found material"). This can be done by "identifying or attaching the representative samples." *Von Koeing v. Snapple Beverage Corp.*, 713 F. Supp. 2d 1066, 1078 (E.D. Cal. 2010).

In the pricing context, courts have repeatedly required plaintiffs to identify where they saw the allegedly deceptive prices, and what these advertisements actually said. For example, in *Azimpour v. Sears, Roebuck & Co.*, No. 15-CV-2798 JLS (WVG), 2016 WL 7626188, at *7 (S.D. Cal. Oct. 17, 2016), the court explained:

> . . . While it is true that Plaintiff alleges where and when he purchased the particular brand of pillow, he does not allege with particularity the form in which he saw the purportedly misleading "pricing information." Plaintiff merely states the [*sic*] he "observed merchandise for which 'regular' prices were listed alongside 'discounted' prices in larger, bold fonts" . . . Without more, Defendant plainly cannot verify Plaintiff's allegations of fraud as it applies to its sale of the pillow, much less any other product.

*Id.* at *19. The court emphasized that "[T]he details of the 'pricing information' that *Plaintiff saw* and relied on are peculiarly in [Plaintiff's] control." *Id*. at *20.

In *Rael v. N.Y. & Co.*, the court dismissed a similar case for the same reasons:

> Nowhere does Plaintiff give details as to what signs she relied on, what the signs said or looked like, or where they were located. The only concrete facts Plaintiff asserts are the date she allegedly purchased the shoes, what type of shoes she bought, the shoes' former price, and the price she purchased the shoes at. Plaintiff does not even specify which NY&C store she visited, only that she visited an NY&C store located somewhere in San Diego.

No. 16-cv-369-BAS(JMA), 2016 WL 7655247, at *6 (S.D. Cal. Dec. 28, 2016); *see also*

*Nunez v. Best Buy Co.*, 315 F.R.D. 245, 249 (D. Minn. June 7, 2016) (complaint failed Rule 9(b) standard because plaintiff did "not specify whether he relied upon, for example, a price tag in a store, a paper flyer, an e-mail, or a price listed on Best Buy's website"); *Haley v. Macy's, Inc.*, 263 F. Supp. 3d 819, 823 (N.D. Cal. 2017) (granting motion to dismiss because "plaintiffs do not identify what false or misleading statements they relied on when making their purchases"). The Court should similarly dismiss Plaintiff's claims here.

Plaintiff here cannot meet her pleading burden by referencing her order confirmation, which she would not have seen until *after* she made her purchase. *See, e.g., Azimpour*, 2016 WL 7626188 at *7 (finding that "Plaintiff's allegation that the misleading information also appears on the sales receipt [does not] cure this [Rule 9(b)] deficiency ... since that information was apparent to Plaintiff *after* he made his purchase, and thus Plaintiff could not have relied on that information in *making* his purchase").

### 2.    *Plaintiff Does Not Plead Facts Suggesting that L.L.Bean Never Offered the Kid's Trucker Hat at Full Price*

Plaintiff's claims all fail because they rest on the unsupported and incorrect assertion that L.L.Bean's pricing practices are false and misleading. Although Plaintiff repeatedly states that L.L.Bean never sold the Kid's Trucker Hat at its higher reference price, she does not allege any facts to support this theory. "Simply alleging that … [a given product was] never sold at list or regular price falls short of Plaintiff's pleading burden." *See Seegert v. Luxottica Retail N. Am., Inc.*, No. 17CV1372 JM(BLM), 2018 WL 3472561, at *3–4 (S.D. Cal. July 19, 2018).

This Court should dismiss Plaintiff's Complaint because Plaintiff fails to "allege sufficient facts to show with particularity how [and] why" the hat's reference prices were false or deceptive. *Sperling v. DSW, Inc.*, 699 F. App'x. 654, 655 (9th Cir. 2017). Such facts are required under Rules 8 and 9(b), and necessary for Plaintiff to establish statutory standing. *See, e.g., Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 324 (2011) (to state a UCL or FAL claim, plaintiffs must have (1) suffered an "injury in fact," and (2) "lost money or property as a result of the unfair competition"); *Meyer v. Sprint Spectrum L.P.*

45 Cal. 4th 634, 641 (2009) (under the CLRA the practice must "caus[e] or result[] in some sort of damage;" "expos[ure] to the unlawful practice" is not enough).

Plaintiff claims that the Kid's Trucker Hat was not offered at full price between March 1, 2024 and June 8, 2024, but does not allege any facts to support this conclusion. Compl. ¶ 39. The Ninth Circuit has held that such facts are required. *Sperling*, 699 Fed. Appx. at 655. In *Sperling*, the plaintiff claimed that the defendant's "Compare At" reference prices were deceptive because they did not accurately reflect competitors' prices. Unlike Plaintiff here, the plaintiff in *Sperling* provided some detail about her investigation of the shoes that she purchased—she even "found [them] elsewhere" for less than the reference price she relied on, and cited specific prices charged by other retailers for that item. *Id*. Despite these allegations, the district court found, and the Ninth Circuit agreed, that the plaintiff failed to satisfy Rule 9(b) because the complaint was missing critically important facts about her counsel's alleged investigation, such as when it took place. *Id*.

Plaintiff's allegations, like Sperling's, do not show "that Defendants' comparative reference prices … did not reflect market prices at the time they were listed," and thus do not support an inference of deception. *Sperling v. DSW Inc*., 15-cv-1366-JGB(SPx), 2016 WL 354319, at *7 (C.D. Cal. Jan. 28, 2016), *aff'd* 699 Fed. Appx 654. Plaintiff cannot paper over that shortcoming by offering her conclusory assertion in chart form. Among other problems, her chart does not indicate that Plaintiff reviewed the website on a single date between the two bookend dates. As the Seventh Circuit has explained, the fact that a company "offered a number of sales promotions" is insufficient to "show a constant or perpetual sale of any particular merchandise." *Camasta v. Jos. A. Bank Clothiers, Inc*., 761 F.3d 732, 738 (7th Cir. 2014). Further, Plaintiff's chart does not specify whether these conclusions relate only to a single color of the hat, or all colors, or whether some colors were offered at full price during this period. This is significant, as the publicly available listing for the website shows that even now, many months after Plaintiff's purchase, L.L.Bean offers many colors of the hat at full price. *See* RJN, Exhibit A. Plaintiff does not (and cannot) explain why it would be misleading for a retailer to base an item's

1   reference price on the price currently charged by other colors of the same item.

2          Those deficiencies tank a complaint, as *Rael v. Dooney & Bourke, Inc.*, No. 19-cv-

3   6147 (JGK), 2016 WL 3952219, at *3 (S.D. Cal. July 22, 2016), shows.  Even though the

4   *Rael* plaintiff alleged an "extensive investigation of sales and discount pricing

5   advertisements at retail stores throughout … California," the plaintiffs' assurances that the

6   alleged investigation supported the plaintiff's "fake sale" claims did not suffice:

7          Did he visit any [of defendant's] retail or outlet stores? Did he visit the [defendant's]
           website, and if so, on which dates? Which products, if any, are discounted beyond
8          the 90-day period? Did he attempt to search for the [product] purchased by Plaintiff
9          to determine if its pricing was false and if so, on what basis?

10  *Id.* at *3.   Here, Plaintiff does not even contend that any investigation supports her claims,

11  much less "specify a single detail of [her] alleged investigation."  *Rael v. N.Y. & Co., Inc.*,

12  No. 16-cv-369-BAS (JMA), 2016 WL 7655247, at *7 (S.D. Cal. Dec. 28, 2016); *see also*

13  *Mahfood v. QVC, Inc.*, 2007 WL 9363986, at *4 (C.D. Cal. Feb. 7, 2007); *Robey v. PVH*

14  *Corp.*, 495 F. Supp. 3d 311, 323 (S.D.N.Y. 2020) ("While the plaintiff claims to have

15  conducted an 'investigation,' the plaintiff has failed to allege with specificity that the

16  investigation was sufficient to establish that the price cited was a 'fictitious former price'").

17         Moreover, Plaintiff recognizes that L.L.Bean sells its products both in-store and

18  online, but fails to allege any facts concerning in-store pricing of the Kid's Trucker Hat or

19  any other item.  Federal courts in California routinely dismiss pricing claims, where, as

20  here, plaintiffs did not allege facts concerning the prices at which merchandise was sold in

21  other channels. *See*, *e.g.*, *Sperling*, 699 Fed. Appx. at 655 (affirming dismissal where

22  plaintiff failed to allege that she investigated other retailers near the time of her purchase);

23  *Dennis v. Ralph Lauren Corp.*, No. 16CV1056-WQH-BGS, 2016 WL 7387356, at *4 (S.D.

24  Cal. Dec. 20, 2016) (granting motion to dismiss when plaintiff did not allege the item "was

25  unavailable at the $74.99 price at other locations offering Ralph Lauren products, such as

26  the 'Polo retail store[s], high-end department stores, and related online stores'"); *Taylor v.*

27  *Nike, Inc.*, No. 3:16-CV-00661-MO, 2017 WL 663056, at *6 (D. Or. Feb. 17, 2017)

28  (plaintiffs failed to specify whether the items "were previously offered at Nike retail stores

or other, non-outlet retailers"); *Rael v. Dooney & Bourke, Inc*., 2016 WL 3952219, at *3 (no investigation into mainline stores or website); *Jacobo v. Ross Stores, Inc*., No. CV-15-04701-MWF-AGR, 2016 WL 3482041, at *5 (C.D. Cal. Feb. 23, 2016) (claims "cannot advance past the pleading stage" until they plead with particularity that they were misled, "based on specific facts, such as the exact prices of identical goods offered for sale by other merchants," or that "identical items could not be found at other stores in the area").

In sum, Plaintiff has not alleged any facts suggesting that she "conduct[ed] a pre-complaint investigation 'in sufficient depth to assure that the charge of fraud is responsible and supported.'" *See Seegert*, 2018 WL 3472561 at *3–4 (dismissing pricing claim). The Court should not accept Plaintiff's say-so that the hat was not offered at full price.

**B.    Plaintiff Has Failed to State a Claim Under Any Common-Law Theory**

Plaintiff's common-law claims—for breach-of-contract, unjust enrichment, fraud and negligent misrepresentation—fail out of the gate because the Complaint does not identify the applicable state law or laws. Specifically, Plaintiff (a California resident) purports to bring each of these claims on behalf of a nationwide class, against L.L.Bean (a Maine company). She does not explain whether she seeks to bring claims under California law, Maine law, or the laws of all 50 states.

Plaintiff cannot state a claim without identifying the laws she is trying to state a claim under. For that reason, federal courts regularly dismiss common law claims alleged on behalf of putative nationwide classes where the plaintiff fails to identify the applicable state law. *See, e.g.*, *Brown v. Starbucks Corp*., No. 18cv2286 JM (WVG), 2019 WL 4183936, at *7–8 (S.D. Cal. Sept. 3, 2019) ("Neither Starbucks nor the court can determine whether Brown alleges California law applies to the claims of out-of-state putative class members, or if she alleges the laws of various unidentified states apply to these putative class members' claims."); *Augustine v. Talking Rain Bev. Co.*, 386 F. Supp. 3d 1317, 1333 (S.D. Cal. 2019) ("Plaintiffs' failure to identify which state laws govern their common law claims means the claims brought on behalf of the nationwide class have not been adequately pled"); *In re VTech Data Breach Litig*., Nos. 15 CV 10889, 15 CV 10891, 15

CV 11620, and 15 CV 11885, 2018 WL 1863953, at *8 (N.D. Ill. Apr. 18, 2018)
(dismissing common law unjust enrichment claim pursuant to Rule 8 for failure to identify
what law plaintiffs are proceeding under).

### 1.    *Plaintiff's Intentional- and Negligent-Misrepresentation Claims Are Barred Under the Economic-Loss Rule*

The economic-loss doctrine bars Plaintiff's intentional- and negligent-
misrepresentation claims. That rule bars tort claims where a contract between the parties
exists, the alleged "misrepresentations at the center of plaintiffs' claim is the contract
itself," and damages sought are "the same economic losses arising from the alleged breach
of contract." *Multifamily Captive Grp., LLC v. Assur. Risk Managers, Inc.*, 629 F. Supp.
2d 1135, 1146 (E.D. Cal. 2009); *cf. Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th
979, 988, 991 (2004) (noting "[w]here damages are purely economic, recovery may only
be in contract" but permitting fraud claim because the representation at issue was
"independent of [the] breach of contract").

Here, Plaintiff purports to base her intentional- and negligent-misrepresentation
claims on the same representations underlying her breach-of-contract claim. Compl. ¶¶ 76,
87, 100–104. Because those contract-based tort claims allege only economic losses, any
recovery must be in contract, not tort.

### 2.    *Plaintiff Has Not Stated a Claim for Unjust Enrichment*

Plaintiff's unjust-enrichment (*i.e.*, quasi-contract) claim fails for a simple reason:
There is no such thing. "Unjust enrichment is not a cause of action, [ ] or even a remedy,
but rather a general principle, underlying various legal doctrines and remedies." *McBride
v. Boughton*, 123 Cal. App. 4th 379, 387 (2004) (internal quotation marks omitted). "It is
synonymous with restitution." *Id.* If Plaintiff's underlying causes of action fail, a "claim
for unjust enrichment cannot stand alone as an independent claim for relief." *Hovsepian
v. Apple, Inc.*, 2009 WL 5069144, at *5 (N.D. Cal. Dec. 17, 2009) (citing *Jogani v. Superior
Ct.,* 165 Cal. App. 4th 901, 911 (2008)); *accord Ebner v. Fresh, Inc.*, 818 F.3d 799, 808
(9th Cir. 2016) (affirming dismissal of unjust-enrichment claim when underlying claims

1  failed).

2       As shown, Plaintiff pleads no facts suggesting any fraudulent conduct that could

3  trigger a right to restitution.  With no viable underlying cause of action, her plea for unjust

4  enrichment also fails.  *Oestreicher v. Alienware Corp.,* 544 F. Supp. 2d 964 (N.D. Cal.

5  2008), *aff'd*, 322 F. App'x 489, 975 (9th Cir. 2009) (dismissing unjust-enrichment claim

6  sounding in fraud because if the plaintiffs' fraud claims fail, they have "no basis for [their]

7  unjust enrichment claim").

8       Plaintiff's unjust-enrichment claim also fails because "a plaintiff may not plead the

9  existence of an enforceable contract and simultaneously maintain a quasi-contract claim

10  unless the plaintiff also pleads facts suggesting that the contract may be unenforceable or

11  invalid."  *Saroya v. Univ. of the Pac.*, 503 F. Supp. 3d 986, 998 (N.D. Cal. 2020); *see also*

12  *Rutherford Holdings, LLC v. Plaza Del Rey,* 223 Cal. App. 4th 221, 231 (2014) ("[A]n

13  action based on an implied-in-fact or quasi-contract cannot lie where there exists between

14  the parties a valid express contract covering the same subject matter.").  Here, Plaintiff

15  purports to have entered a contract with L.L.Bean, and does not contend that this contract

16  is unenforceable or invalid.  Her unjust-enrichment claim is therefore barred.  *See, e.g.,*

17  *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1388–90 (2012), *as modified on*

18  *denial of reh'g* (Feb. 24, 2012) (holding that plaintiffs are "precluded from asserting a

19  quasi-contract" where "plaintiffs' breach of contract claim pleaded the existence of an

20  enforceable agreement"); *Vizcarra v. Michaels Stores, Inc.*, 2024 WL 64747, at *9 (N.D.

21  Cal., Jan. 5, 2024) (dismissing unjust-enrichment claim alleging that "'false and misleading

22  advertising' caused her to purchase [defendant's] products and 'pay a price premium'"

23  where the transaction formed a valid contract).

24       **3.     *The Court Should Also Dismiss Plaintiff's Contract Claim***

25       Plaintiff's breach-of-contract claim fails both procedurally (because Plaintiff failed

26  to provide the required notice) and substantively (because Plaintiff misconstrues the

27  contract).

28  //

### a.   Plaintiff Failed to Provide the Notice that California Law Requires

The California Commercial Code prohibits buyers from suing for breach of contract unless they first provide notice of the alleged breach. Cal. Com. Code § 2607(3)(A) ("The buyer must, within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy"). The Commercial Code applies here because Plaintiff alleges a contract for the sale of goods. *See* Cal. Com. Code § 2102.

California courts apply § 2607(3)(A)'s requirement to bar breach-of-contract actions when, as here, the plaintiff fails to provide notice before the suit is filed. The California Court of Appeals recognizes that the notice requirement is "designed to allow the seller the opportunity to repair the defective item, reduce damages, avoid defective products in the future, and negotiate settlements." *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal. App. 4th 116, 135, (2008); *see also id.* ("To recover on a breach of warranty claim, the buyer must, within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of any breach or be barred from any remedy"). The buyer has the burden of alleging and proving reasonable notice. *Stearns v. Select Comfort Retail Corp.,* 763 F. Supp. 2d 1128, 1142 (N.D. Cal. 2010) (citation omitted).

The Ninth Circuit has affirmed that California law requires strict compliance with § 2607(3)(A): "The purpose of giving notice of breach is to allow the breaching party to cure the breach and thereby avoid the necessity of litigating the matter in court. ... This purpose would be completely undermined if it could be satisfied with the giving of post-suit notice." *Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011); *see also S. Cal. Stroke Rehab. Assocs. v. Nautilus, Inc.*, 554 F. App'x 656, 656 (9th Cir. 2014) (the purpose of the statutory requirement is to give the defendant an "opportunity [to repair] the defective item, reduc[e] damages, avoid[] defective products in the future, and negotiat[e] settlements" (citations omitted)); *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 929–30 (N.D. Cal. 2012).

Plaintiff here does not (and cannot) claim to have provided pre-suit notice of any alleged breach of contract. While she purports to have provided CLRA notice (Compl. ¶ 139), that notice letter did not mention any alleged breach of contract. "Absent from the CLRA letter are any facts, claims, or representations signaling Plaintiff's intent to bring breach of warranty or breach of contract claims." *Evans v. DSW, Inc.*, No. CV 16-3791 JGB (SPX), 2017 WL 7058232, at *5 (C.D. Cal. Sept. 14, 2017) (dismissing breach-of-contract claim with prejudice); *see also ChromaDex, Inc. v. Elysium Health, Inc.*, 2020 WL 1279236, at *4 (C.D. Cal. Jan. 16, 2020) (pre-suit notice "failed to satisfy the purpose of the notice statute" by allowing defendant the opportunity to "reduce damages, avoid defective products in the future, and negotiate settlements") (citation omitted); *S. Cal. Stroke Rehab. Assocs., Inc. v. Nautilus, Inc.*, 2012 WL 4364144, at *2 (S.D. Cal. Sept. 21, 2012) (pre-suit letter not "reasonable notice" where it generally referenced "deficiencies" without identifying specific defects at issue), *aff'd*, 554 F. App'x 656 (9th Cir. 2014); *cf. Pini USA, Inc. v. NB Glob. Commodities, LLC*, 2017 WL 5054655, at *4 (C.D. Cal. Oct. 31, 2017) (pre-suit notice of breach-of-contract claim inadequate because it spoke to only one of many alleged defects). This letter therefore could not have put L.L.Bean on notice of the alleged breach, and cannot satisfy Section 2607.

Because this deficiency cannot be cured, the Court should dismiss Plaintiff's breach-of-contract claim with prejudice. *Evans*, 2017 WL 7058232, at *5; *Alvarez*, 656 F.3d at 932 (affirming dismissal with prejudice where plaintiffs sent notice and complaint simultaneously).

**b.    Plaintiff's Breach-of-Contract Claim Misconstrues the Alleged Contract**

Plaintiff's contract claim is also deficiently pled. A breach-of-contract claim "must allege the specific provisions in the contract creating the obligation the defendant is said to have breached." *In re Ambry Genetics Data Breach Litig.*, 567 F. Supp. 3d 1130, 1143–44 (C.D. Cal. 2021); *see In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953, 978–83 (N.D. Cal. 2016) (dismissing breach-of-contract claim where plaintiff did not identify

provisions breached or allege facts showing any "implied contracts existed beyond vague, conclusory allegations" or "elaborate upon the nature and scope" of any such contracts).

The Complaint doesn't do that. Plaintiff alleges that "The terms of Defendant's offer provided that Defendant would sell Plaintiff and the members of the Class products that have a market value equal to the reference prices displayed." Compl. ¶ 100. However, the Complaint does not identify any statement in the parties' sales contracts about the "market value" of the hat Plaintiff agreed to purchase. *See Beecher v. Google N. Am. Inc.*, 2018 WL 4904914, at *2 (N.D. Cal. Oct. 9, 2018) (dismissing breach-of-contract claim where no contractual term made the alleged promises); *King v. MKS Instruments, Inc.*, 2017 WL 11636659, at *3 (C.D. Cal. Nov. 21, 2017) (same).

Plaintiff also contends that the promised discount was a "material term" of the contract, but a contract cannot be interpreted to include a term to provide a specific discount to some unspecified "regular" price, rather than the listed price. *See Kim v. Carter's Inc.*, 598 F.3d 362, 364 (7th Cir. 2010) ("[I]t 'strains common sense' to conclude that the parties actually intended to apply the advertised 30% discount to some lower, undisclosed, regular price."). Where, as here, a retailer charges the agreed-upon price for the agreed-upon product, the buyer received the benefit of her bargain and there is no breach. *See, e.g.*, *id.* at 364 (finding no breach because, "[b]y charging this agreed price in exchange for ownership of the clothing, [defendant] gave the plaintiffs the benefit of their bargain"); *Shaulis v. Nordstrom Inc.*, 120 F. Supp. 3d 40, 55 (D. Mass. 2015) (same); *Ice v. Hobby Lobby Stores, Inc.*, 2015 WL 5731290, at *8 (N.D. Ohio 2015).

## C. Plaintiff's Claims for Equitable Relief Are Barred as a Matter of Law Because Plaintiff Has Not Adequately Pled that She Lacks an Adequate Remedy at Law

Plaintiff seeks several forms of equitable relief: restitution and injunctive relief under the UCL, FAL, CLRA, and UTPA, in addition to restitution under a standalone unjust-enrichment cause of action.[3] She also seeks a legal remedy—damages—under her

---

[3] In seeking redress for a wrong, a litigant may obtain equitable or legal remedies. The

CLRA, contract, fraud, and negligent-misrepresentations claims. When a cause of action allows for multiple forms of relief, and one of them is barred as a matter of law, a court may dismiss or strike that prayer for relief under Rule 12(b)(6). *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010).

Here, Plaintiff cannot credibly allege a prerequisite to her equitable-relief claims: that the damages she seeks would not provide an adequate remedy for their alleged injuries. Case after case has reaffirmed the "axiomatic" principle that "equitable relief is not appropriate where an adequate remedy exists at law." *Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60, 75–76 (1992); *see also Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 509 (1959) (citing cases). "[T]o entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy." *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022) (citation omitted), *cert. denied sub nom. Polaris Indus. Inc. v. Albright*, 2023 WL 3937623 (U.S. June 12, 2023).

In the context of UCL and CLRA claims in particular, the Ninth Circuit has repeatedly affirmed the dismissal of equitable-relief claims where the plaintiff failed to explain how damages would not provide an adequate remedy. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (affirming dismissal of motion to dismiss); *Guzman*, 49 F.4th at 1312; *In re Apple Processor Litig.*, No. 22-16164, 2023 WL 5950622, at *2 (9th Cir. 2023). The same principle applies to unjust enrichment claims. *Barrett v. Apple Inc.*, 523 F. Supp. 3d 1132, 1157 (N.D. Cal. 2021) (dismissing quasi-contract claim because "under *Sonner*, a quasi-contract claim cannot survive a motion to dismiss unless the proponent adequately pleads that no legal remedy exists"). "Under *Sonner*, [Plaintiff]

---

"traditional" equitable remedy is an injunction. *eBay v. MercExchange, L.L.C.*, 547 U.S. 388, 390 (2006); *see also Zapata Fonseca v. Goya Foods Inc.*, 16-CV-02559-LHK, 2016 WL 4698942, at *7 (N.D. Cal. Sept. 8, 2016). The "traditional" legal remedy is monetary damages. *Curtis v. Loether*, 415 U.S. 189, 196 (1974).

[is] required, at a minimum, to plead that [she] lack[s] an adequate remedy at law, which [Plaintiff] ha[s] not done." *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1009 (N.D. Cal. 2020); *see also Clark v. Am. Honda Motor Co.*, 528 F. Supp. 3d 1108, 1122 (C.D. Cal. 2021) (same; collecting cases).

This case is no different.  Plaintiff alleges a purely economic injury: allegedly paying too much for a hat.  In that context, there is no reason why money would not make her whole. *See, e.g., In re MacBook Keyboard Litig.*, 2020 WL 6047253, at *4 (N.D. Cal. Oct. 13, 2020) ("[b]ecause Plaintiffs' claims rest on their alleged overpayments and Apple's failure to issue refunds, the Court finds that monetary damages would provide an adequate remedy for the alleged injury.").  After all, "lost money is the exact type of harm that money damages can adequately remedy." *Wu v. iTalk Glob. Commc'ns, Inc.*, 2021 WL 5176799, at *3 (C.D. Cal. Feb. 2, 2021).

Not only has Plaintiff failed to show that damages are inadequate, but she also has not offered "any related argument, such as showing that restitution under the CLRA or UCL would be more certain, prompt, or efficient than the legal remedies" requested. *Nacarino v. Chobani, LLC*, No. 20-CV-07437-EMC, 2021 WL 3487117, at *12 (N.D. Cal. Aug. 9, 2021); *see also Gibson v. Jaguar Land Rover N. Am., LLC*, 2020 WL 5492990, at *3 (C.D. Cal. Sep. 9, 2020) (same; "there is nothing in the SAC to suggest that monetary damages would not make Plaintiffs or the putative class whole").

"[S]ince Plaintiff[] [has] not pled that [she] lack[s] an adequate remedy at law, all [her] equitable claims, including those for restitution and prospective injunctive relief, fail." *Browning v. Am. Honda Motor Co.*, 549 F. Supp. 3d 996, 1014 (N.D. Cal. 2021) ("plaintiffs must allege some facts suggesting that damages are insufficient to make them whole when seeking equitable relief") (internal quotation marks omitted).

### D.    The Court Lacks Personal Jurisdiction Over Claims by Putative Class Member Who Bought Goods Outside of California

Plaintiff's nationwide class claims ask the Court to exercise personal jurisdiction over out-of-state plaintiffs whose claims have no ties to California.  The Court lacks

personal jurisdiction over those claims and should therefore strike or dismiss the nationwide class allegations under Rule 12(b)(2) for lack of personal jurisdiction.

The personal-jurisdiction question here is narrow. L.L.Bean does not challenge the Court's jurisdiction over Plaintiff's individual claims or her claims on behalf of a California class. Instead, the question is whether the Court has specific personal jurisdiction over out-of-state purchasers' claims.

As the party asserting jurisdiction, Plaintiff bears the burden of establishing it. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003). To do so, she must show both the forum state's long-arm statute confers personal jurisdiction over the out-of-state defendants and the exercise of jurisdiction does not violate federal constitutional principles of due process. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990). Here, those inquiries collapse because "California's long-arm statute is coextensive with federal due process." *Matus v. Premium Nutraceuticals, LLC*, 715 F. App'x 662 (9th Cir. 2018).

The Court lacks general personal jurisdiction, because L.L.Bean is not "at home" here. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069–70 (9th Cir. 2015). Instead, L.L.Bean is based and incorporated in Maine. Compl. ¶ 10.

The Court also lacks specific personal jurisdiction over out-of-state class members' claims. Specific personal jurisdiction requires an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (internal citations omitted). Thus, courts lack specific jurisdiction when (as here) the plaintiff, the defendant, and the related conduct are all out-of-state. *Id.* at 267. And crucially, *each* litigant's claim must arise from the defendant's forum-related activities. *Id.* That is simply not the case for the members of Plaintiff's putative nationwide class: non-Californians who purchased products outside of California from an out-of-state retailer.

//

*Matus v. Premium Nutraceuticals* is instructive. There, the court held that federal courts in California lack specific jurisdiction over a California consumer's nationwide false-advertising claims based on a Georgia-based defendant's website. *Matus*, 715 F. App'x at 663. Because the defendant published the at-issue advertising nationwide from Georgia, the advertisements were neither purposefully directed toward California nor arising out of the company's California-related activities. *Id.* The same is true here: out-of-state class members' claims concerns purchases made in L.L.Bean stores (outside of California) and on the U.S. website (from outside of California). The connection to California required to support specific personal jurisdiction simply does not exist. *Bristol-Myers Squibb*, 582 U.S. at 265 (no specific jurisdiction over claims of nonresident plaintiffs against nonresident defendant). Were the rule otherwise, "every online advertiser worldwide [could] be haled into California" to face suit. *Matus*, 715 F. App'x at 663.

This rule applies to nationwide class actions, as *Carpenter v. PetSmart, Inc*., 441 F. Supp. 3d 1028, 1028 (S.D. Cal. 2020), recognized. Addressing a putative nationwide class action pursuing common-law claims, the court recognized that the specific-jurisdiction question "is 'defendant-focused,' with an emphasis 'on the relationship among the defendant, the forum, and the litigation.'" *Id.* at 1031, 1035 (quoting *Matus*, 715 App'x at 662). Because the claims centered on purchases outside of California by non-California residents from a non-California company, the court recognized that the attenuated relationship among the defendant, the forum, and the claims did not support specific jurisdiction. *Id.* at 1036.[4] Likewise, because L.L.Bean is not subject to general jurisdiction

---

[4] True, some cases have held otherwise. *Id.* at 1034–35. But as *Carpenter* explains, the better-reasoned approach is to apply *Bristol-Myers Squibb* to nationwide class actions centered on out-of-state conduct. *Id.* at 1035–36; *Zuehlsdorf v. FCA US LLC*, No. EDCV 18-1877 JGB (KKX), 2019 WL 2098352, at *14–15 (C.D. Cal. Apr. 30, 2019) (applying *Bristol-Myers Squibb* to nationwide class claims); *see also Reitman v. Champion Petfoods USA, Inc*., No. CV181736DOCJPRX, 2018 WL 4945645, at *6 (C.D. Cal. Oct. 10, 2018) (no personal jurisdiction over out-of-state plaintiffs seeking to represent state-specific subclasses); *In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*, No. 16-CV-06391-BLF, 2018 WL 1576457, at *2 (N.D. Cal. Mar. 30, 2018) (same).

in California or specific jurisdiction with respect to non-California putative class members, the Court should strike the allegations regarding a nationwide class from the Complaint.

## IV.    CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's claims in their entirety.

Dated:  February 28, 2025                Respectfully submitted,


                                         *s/ Meegan B. Brooks*
                                         STEPHANIE SHERIDAN (CA 135910)
                                         MEEGAN B. BROOKS (CA 298570)
                                         NICOLETTE SHAMSIAN (CA 341466)
                                         Benesch, Friedlander, Coplan & Aronoff LLP

                                         Attorneys for Defendant
                                         L.L.BEAN INC.